## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Sylver L. Brooks, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 07-758-SLR |
| v. | ) Trial by Jury Demanded |
| | ) |
| Ernest J. Culbreath, | ) |
| | ) |
| Defendant | ) |

### DEFENDANT'S MOTION TO VACATE DEFAULT AND
### RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The plaintiff, in the above-captioned matter, moves this Court to vacate the default entered

by it in this matter. (Dk. No. 7) pursuant to Rule 60(b) F.R.C.P., as well as decisions of this Court,

and the Third Circuit Court of Appeal.  The basis of this motion is as follows:

### Factual Background:

1.      This pro se matter was filed on November 26, 2007 (Dk. Nos. 1 & 2).  On

that same day, a Notice of Availability of U.S. Magistrate Judge was also issued (Dk. No. 3).

2.      On June 20, 2008, this Court entered an Order directing that the U.S.

Marshal was to serve the plaintiff (Dk. No. 5).  On September 9, 2008, the U.S. Marshal returned a

"USM285" indicating that they had served the defendant, Ernest J. Culbreath on September 2,

2008.   On November 6, 2008, the Clerk made an "Entry of Default" in the docket as to the

defendant, Ernest J. Culbreath (Dk. No. 7).  The plaintiff has since filed a Motion for Default

Judgment on November 20, 2008 (Dk. No. 9).

3.      On November 26, 2008, the defendant entered his appearance (Dk. No. 10),

and on December 4, 2008 an answer was filed on behalf of the defendant (Dk. No. 12).

4.      A review of the docket in this matter indicates that no summons was ever

issued for service upon the defendant.

## **Request for Relief**

5.      The defendant, pursuant to Rule 60(b), F.R.C.P. requests this Court to vacate the entry of a default, and to deny the plaintiff's motion for a default judgment because: (i)  Defendant was never given notice of deadlines to respond to the service of the complaint upon him, and thus was not "culpable" in failing to respond in a timely manner; (ii)  The defendant has a meritorious defense, and; (iii)  The plaintiff would not be prejudiced, as prejudice is defined by this Court and the Third Circuit Court of Appeals, by having to prove the merits of her case.

## **Basis for Relief**

6.      It is generally well accepted that this Court and the Third Circuit Court of Appeals, generally hold that defaults and default judgments are disfavored and the Courts should resolve cases on their merits. Zwalski DeBueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987); IBEW Local 313 v. Skaggs, 130 F.R.D. 526, 528 (D.Del. 1990).

7.      The Third Circuit Court of Appeals has set out a three part test in determining whether a default should be vacated.  In United States v. $55, 518.05 in U.S. Currency, 728 F.2d 192 (3d Cir. 1994).  The three part test to be used in determining whether or not  to vacate a default is: (1) Whether plaintiff would be prejudiced if the default is set aside; (2) Whether the defendant has a meritorious defense; (3) whether default was a result of defendants culpable conduct.

8.      **A.      Plaintiff Will Not Be Prejudiced if Default is Set Aside**:  In determining whether a default is to be set aside an examination is to be made as to whether the plaintiff will be hindered in her ability to pursue her claim, or whether there has been any loss of evidence. Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984).

> "...The delay in realizing satisfaction on a claim rarely serves to establish
> the degree of prejudice sufficient to prevent the opening [of] a default

judgment entered at an early stage of the proceeding." <u>Emcasco, Ins. Co.  v. Samdrick</u>, 834 F.2d 71, 74 (3d Cir. 1987); citing <u>Feliciano v. Reliant Tooling, Inc.</u>, 691 F.2d 653, 656-657 (3d Cir. 1982).

The requirement that the plaintiff must prove the merits of her case does not amount to prejudice. <u>IBEW Local 313 v. Skaggs</u>, 130 F.R.D. 524, 526 (D.Del. 1990).  See also: <u>Accu-Weather, Inc. v. Reuters Limited</u>, 779 F.Supp. 801, 802 (N.D.Pa. 1991).

9.     **B.**     **<u>The Defendant Has a Meritorious Defense</u>**: The plaintiff in this matter is, by the calculation of her father, fifty-six (56) years of age, having been born on March 13, 1952 (Aff'd Ernest J. Culbreath, ¶2; attached hereto as Exhibit No. 1).  During the entire time that the plaintiff was being raised by her parents, the defendants and the plaintiff resided in the State of Pennsylvania. (<u>Id.</u> at ¶3).  The allegations of the complaint in this matter allege sexual abuse, which took place at the defendant's home. (Complaint, Dk. No. 2, ¶6).  Under the laws of the State of Pennsylvania, the statute of limitations for the tort action of alleged sexual abuse is two (2) years. <u>Dalrymple v. Brown</u>, 701 A.2d 164 (Pa. 1997);  <u>Lazarski v. Arch Diocese of Philadelphia</u>, 926 A.2d 459 (Pa. Super. 2007).  The plaintiff in this matter is a Delaware resident (Complaint, ¶3), and the defendant is a resident of the State of Pennsylvania (Complaint, ¶4; Aff'd of Ernest J. Culbreath, ¶3).   Accordingly, this matter appears to have been brought within this jurisdiction based upon diversity of citizenship, 28 <u>U.S.C.</u> §1332.  In such a situation the Federal District Courts must follow the rules prevailing in the states in which they sit. <u>Read v. Baker</u>, 430 F.Supp. 472, 476 (D.Del. 1977).  Since this Court sits in Delaware, and in a tort action, such as brought by the plaintiff here, the substantive rights of the parties are governed by the law of the place in which the tort took place. (<u>Id.</u>); <u>Friday v. Smoot</u>, 211 A.2d 594 (Del. 1965).  It appears clear, based upon the complaint and affidavit of the defendant, ¶3, that any alleged wrongful conduct would have taken place while the parties resided in the Commonwealth of Pennsylvania, and thus Pennsylvania's two

(2) year statute of limitations would apply in this matter. Since the allegations of the complaint allege sexual abuse of a minor child, and the plaintiff is now fifty-six (56) years of age (Exhibit No. 1, ¶3), the alleged wrongful conduct took place at least thirty-eight (38) years ago.  The plaintiff appears to have brought this suit in the District Court of Delaware, rather than the Pennsylvania Courts in an effort to take advantage of the recently enacted statute in Delaware, 10 Del.C. §8145, which provides for an opening of a two (2) year window from July 10, 2007, to bring civil suits for damage based upon sexual abuse.  However, Delaware's "borrowing statute", 10 Del.C. §8121 states:

> "Where a cause of action arises outside of this State, an action cannot
> be brought in a Court of this State to enforce such cause of action after
> the expiration of which ever is shorter, the time limited by the law of this
> State, or the time limited by the law of the state or country where the cause
> of action arose, for bringing an action for such cause of action.  Where the
> cause of action originally accrued in favor of a person who at the time of
> such a accrual **was a resident of this State**, the time limited by law of this
> State shall apply." 10 Del.C. §8121.(Emphasis Added)

As explained by the Delaware Supreme Court, Pack v. Beech Aircraft Corp., 133 A.2d 54 (Del. 1957), the provisions of 10 Del.C. §8121 (then §8120) were enacted to prevent "forum shopping". (Id. at 58).  Under that statute, where the cause of action arises outside Delaware, as it appears to have been, in this case, Courts of this State, including this District Court, will apply the shorter of the times allowed for the bringing of the action, either in the State where the cause of action arose, here Pennsylvania, or the Delaware statute of limitations.  Clearly, Pennsylvania's two (2) year statute of limitations is shorter than Delaware's statute of limitations, which had a two year window open beginning in July 2007.  The statute specifically implies that Delaware's period of limitations will apply, only where the person pursuing the cause action was "...at the time of such an accrual was a resident of this State...". 10 Del.C. §8121.  When the cause of action occurred, during the childhood of the fifty-six (56) year old plaintiff, and when she resided in Pennsylvania, she cannot

take advantage of the Delaware "barrowing statute". 10 <u>Del.C.</u> §8121.

10.   **C.**   **The Default Entered In This Matter Was Not A Result of The Defendant's Culpable Conduct:**  In determining whether the default was entered as a result of the defendant's "culpable" conduct, the Third Circuit has generally held that "culpable conduct" means conduct taken "willfully or in bad faith" <u>Gross v. Stereo Component Sys., Inc.</u>, 700 F.2d 120, 123-124 (3d Cir. 1983); or in "flagrant bad faith". <u>Emcasco, Ins. Co.  v. Samdrick</u>, 834 F.2d 71, 74 (3d Cir. 1987).  There, the Court held that the defendant was entitled to relief from a default judgment, even where the failure to file an answer was not excusable since there was no finding of bad faith. See also: <u>Jordan v. National Guard Bureau</u>, 877 F.2d 245, 251 (3d Cir. 1989) ("There is nothing in the record indicating that the defendants' conduct went beyond mere negligence, rising to the level of 'flagrant bad faith' or 'contumacious behavior'.") <u>IBEW Local Union 313 v. Skaggs</u>, supra, (finding that a three and one half month delay in answering was inadvertent, and that while the Court did not condone such "slipshod" action, there was nothing in the record to indicate the delay was willful in bad faith or intentional, thus vacating the default).

The failure of the defendant to file an answer in this matter may be understandable, given his lack of sophistication and understanding of the significance of being served with a complaint filed in the District Court of Delaware, while he was a resident of the State of Pennsylvania.  This is especially true since, the plaintiff apparently failed to have a summons issued by the District Court (the District Court Docket being devoid of any reference to a summons being issued).  This is significant since a summons out of this Court, directs the party served to file an answer within twenty (20) days (See Ex. No.2).  As to the defendant in the case, he did not realize the significance of the service, until he received a notice of the default sent to him.  (Aff'd of Ernest J. Culbreath, ¶6, Exhibit No. 1).  The docket in this matter indicates that on November 6, 2008 a copy of the Clerk's

Entry of Default was mailed to Mr. Culbreath, confirming his affidavit.

WHEREFORE, on the basis of (1) lack of prejudice to the plaintiff; (2) the possibility of a meritorious defense to the allegations of the complaint; and (3) the lack of culpable conduct by the defendant, the defendant is requests a vacation of the default in this matter, and denial of plaintiff's motion for a default judgment.

Respectfully Submitted,

_____/s/ Gary W. Aber_____
GARY W. ABER (DSB #754)
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Defendant

DATED:  December 5, 2008

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Sylver L. Brooks, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 07-758-SLR |
| v. | ) Trial by Jury Demanded |
| | ) |
| Ernest J. Culbreath, | ) |
| | ) |
| Defendant | ) |

**AFFIDAVIT OF ERNEST J. CULBREATH**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS. |
| COUNTY OF NEW CASTLE | ) |

I, Ernest J. Culbreath, being duly sworn according to law, depose and say as follows:

1.       I am the natural father of the plaintiff in the above-captioned matter.

2.       Sylver L. Brooks was born to my wife, Anna C. Culbreath on March 13, 1952, and, by my calculations, is presently fifty-six (56) years of age.

3.       I have since, my daughter, the plaintiff was born, always resided in the State of Pennsylvania, and for the last fifty-one (51) years with my children at 631 East Basin Street, Norristown, Pennsylvania.

4.       I received a copy of the complaint filed in this matter on approximately September 2, 2008.

5.       When I received a copy of the complaint (attached hereto as Exhibit No. 1), I also received a "Notice of Availability of the United States Magistrate Judge" (attached hereto as Exhibit No. 2).  No other documents were included with those documents.

6.       When I received the documents shown in ¶4, I did not realize that I had to file an answer within a given amount of time, since none of those papers gave me instructions on how to

proceed.  It was only after I received notice of a default (attached hereto as Exhibit No. 4), that I

realized that I may have failed to do something I should have done.  I then consulted an attorney,

Gary W. Aber.

_____
ERNEST J. CULBREATH

      SWORN TO AND SUBSCRIBED before me, a Notary Public, of the State and County

aforesaid, this ⎽⎽5⎽⎽ day of ⎽December⎽, 2008.

_____
NOTARY PUBLIC

# EXHIBIT 1





IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAEARE

SYLVER L. BROOKS
     V.
ERNEST J. CULBREATH

CIVIL ACTION NO. – 0 7 – 7 5 8 –

## COMPLAINT

1. This action is brought pursuant to; 42 USC13013.
2. Description of action or cause; sexual child abuse.
3. Plaintiff resides at;46 Court Drive#B Wilmington, De.19805 (302)994-1931.
4. Defendant resides at;631E.Basin ST. Norristown,PA.19401 (610)279-5135).
5. Statement of Claim; Chronic incestuous sexual child abuse.Physical abuse.
6. facts of the case;Defendant continuously forced plaintiff into incestuous sex acts.  These atrocities took place at the defendant's home. Also, during trips to the bathroom during religious meetings.In addition to that brutal beatings occurred.  Defendants instrument of torture was a electric cord.  These severe beatings would escalate whenever plaintiff would resist defendant'perverted incestuous sexual abuse.  Beatings would continue,even after plaintiff had fainted from blinding pain and agony.When the plaintiff's body was very bruised plaintiff was forbidden to attend school the next day.  Defend would fear teachers or school nurse would see bruises from the attack.
7. Plaintiff prays for the following relief from the court; $150,000.For permanent disabilities.  Mental and Psychological damage has renderer plaintiff unable to Support herself.

Date    *november, 26. 2007*

   _ SYLVER L. BROOKS

*Sylver L Brooks*

# EXHIBIT 2

AO 85 (Rev. 8/98)  Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _Delaware_

_____

Plaintiff
V.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number: _____

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____          _____
Date                                              United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# EXHIBIT 3

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| SYLVER L. BROOKS | 07CV758SLR |
| DEFENDANT | TYPE OF PROCESS |
| ERNEST CULBREATH | Civil Complaint |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

ERNEST CULBREATH

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** 631 E. Basin St. Norristown, PA. 19401

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| SYLVER L. BROOKS<br>46 COURT DR. #B<br>WILMINGTON, DE. 19805 | Number of process to be served with this Form - 285 : 1 |
| | Number of parties to be served in this case : 1 |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Fold                                                                                         Fold

PAUPER CASE

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Sylver L. Brooks | | (302) 994-1931 | 2-11-08 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 1 | No. 15 | No. 66 | BF | 7-21-08 |

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service: 09-02-08   Time: 5:00   ☒ pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

7-21-08   Forward to E/PA

2008 SEP -9   AM 8:54

| PRIOR EDITIONS<br>MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SYLVER L. BROOKS,

      Plaintiff,

    v.

ERNEST J. CULBREATH,

      Defendant.

Civ. No. 07-758-SLR

## DEFAULT IN APPEARANCE

AN ENTRY OF DEFAULT IN APPEARANCE is entered against defendant

Ernest J. Culbreath pursuant to Federal Rule of Civil Procedure 55(a) as defendant has

failed to answer or otherwise respond to the complaint. (See D.I. 6)

Dated: November 6, 2008

(By) Deputy Clerk

# EXHIBIT 2

AO 440 (Rev. 8/01) Summons in a Civil Action

# United States District Court

_____DISTRICT OF_ **DELAWARE** _____

**SUMMONS IN A CIVIL CASE**

        **V.**

**CASE NUMBER:**

TO:  (Name and Address of Defendant)

    **YOU ARE HEREBY SUMMONED** and required to serve on  PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
BY DEPUTY CLERK

# EXHIBIT 3

USM-285 is a 5 part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

Case 1:07-cv-00738-SLR-MPT   Document 13   Filed 12/05/08   Page 21 of 23 PageID #: 41

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| DEFENDANT | TYPE OF PROCESS |

SERVE AT {
NAME OF INDIVIDUAL., COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| | Number of process to be served with this Form 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses,*
*All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                    Fold

| Signature of Attorney other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. ___ | District to Serve No. ___ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS:

PRINT 5 COPIES
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
   if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

### INSTRUCTIONS FOR COMPLETING USM-285, PROCESS RECEIPT AND RETURN

- The Form USM-285 is a five-copy form set designed as a control document for process served by a U.S. Marshal or designee. Process may include, but is not limited to, a summons and complaint, subpoena, writ, or court order. The United States Marshals Service (USMS) is authorized by law (28 U.S.C. §1921) to charge fees for the service of process. The amount of fees charged is established by regulation (28 C.F.R. §0.114). Except in cases where the litigant has been granted permission by the court for waiver of prepayment of fees and costs, the USMS must request advance payment of the estimated fees and expenses for service of process.

- Please type or print legibly. Submit one copy of the Form USM-285 and one copy of each process for each individual, company, corporation, government agency, etc., to be served or property to be seized.

- In cases where the court has directed the USMS to effect service of a summons and complaint upon an officer or agent of the United States Government, submit a copy of the summons and complaint and Form USM-285 for each officer or agent upon whom service is desired. Submit two (2) additional copies of the summons and complaint for service upon the Government of the United States. The U.S. Marshal or designee will serve one copy upon the U.S. Attorney and will forward the other copy to the Attorney General of the United States. (When the applicable box is checked, completion of the final signature block by the U.S. Marshal or designee certifies service on the U.S. Attorney and the U.S. Attorney General, regardless of whether other defendants on the summons were served). Failure to provide sufficient copies will delay service of the summons.

- Mark all applicable check boxes and use the "Special Instructions" to advise of any information that will assist the USMS in expediting service. You are responsible for providing accurate and sufficient information that will identify the individual or entity to be served or the property to be seized.

- If more than one item of process and Form USM-285 is submitted on a single case, the U.S. Marshal or designee will receipt for all of them on the first Form USM-285. You will receive for your records the "Acknowledgment of Receipt" copy for all the USM-285 forms you submit. When the process is served, you will receive the "Notice of Service" copy. This copy will be identical to the return to the Clerk of the U.S. District Court.

- Upon completion of all services, you will receive a "Billing Statement" copy of Form USM-285. You should return this "Billing Statement" copy to the USMS, together with your payment, in the form of a certified or bank check payable to the U.S. Marshal, for any amounts still owed. Alternatively, the USMS will accept cash. The USMS will not accept personal checks.

- Additional USM-285 forms may be obtained, without cost, from the Clerk of the U.S. District Court, U.S. Marshal, or printed from http://www.usmarshals.gov/process/usm_285.pdf.

## <u>CERTIFICATE OF SERVICE</u>

This certifies that the undersigned served two copies of the attached pleadings by US Mail and Certified Mail return receipt requested to the below-named party, on December 5, 2008:

> Sylver L. Brooks
> 500 Delaware Ave
> P.O. Box 1251
> Wilmington, DE 19801

> _/s/ Melissa  A. Chionchio_
> Melissa A. Chionchio
> Secretary to
> Gary W. Aber, Esquire