IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Sylver L. Brooks, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 07-758-SLR |
| v. | ) Trial by Jury Demanded |
| | ) |
| Ernest J. Culbreath, | ) |
| | ) |
| Defendant | ) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO VACATE DEFAULT AND TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

The defendant, Ernest J. Culbreath, files this Reply Memorandum in support of his motion to vacate the default entered in this matter, and to deny plaintiff's motion for summary judgment.

Plaintiff filed her opening memorandum in support of such a motion of December 5, 2008 (Dk-13). The defendant responded to that motion on December 16, 2008 (Dk-14). This is the defendant's reply memorandum in support of his motion:

1. The defendant's motion in this matter to vacate the default, and to deny the plaintiff's motion for default judgment was based upon the standards set forth in <u>United States v. $55, 518.05 in U.S. Currency</u>, 728 F.2d 192 (3d Cir. 1994). Here, the defendant argued that the plaintiff would not be prejudiced if the default were set aside, and that the defendant had a meritorious defense. The defendant's reply does not challenge either argument.

2. The third standard under in <u>United States v. $55, 518.05 in U.S. Currency</u>, supra, is whether the default was a result of the defendant's culpable conduct. The defendant argued that since no summons was issued upon him, he was unaware of the legal significance of the complaint, because of the failure to have served upon him a summons, as required by Rule 4, <u>Federal Rules of</u>

Civil Procedure. While the defendant does not dispute the failure to issue a summons, the plaintiff states that the service of the "USM285" presumably acted as a substitute for service of the summons.

3. It should be noted first, the "USM285" was never delivered or served upon the defendant. (See Aff'd of Ernest J. Culbreath, Exhibit No. 1 to Defendant's Motion). Even if the "USM285" had been served upon the defendant, it does not carry the requisite notice and instructions as contained in a summons, in that it does not direct the defendant to do anything.

4. Since the issuance of a summons from this Court, with the Clerk's signature and seal are an essential element of obtaining this Court's personal jurisdiction, Ayres v. Jacobs & Crumpler, P.A., 99 F.3d 565, 568 (3d Cir. 1996), a "USM285" does not act as a substitute for such summons. The failure to have a summons issued, signed by the Clerk, and this Court's seal affixed to it, is a fatal flaw to the plaintiff's case. (Id. at 569). The fact that the plaintiff is acting "pro se" does not excuse the plaintiff's failure to abide by the Federal Rules of this Court. Thompson v. Target Stores, 501 F.Supp.2d 601, 604-605 (D.Del. 2007)(granting defendant's motion to dismiss where a proper summons was never issued by a "pro se" plaintiff).

5. Accordingly, the defendant may have not only a meritorious defense to the matter as a whole, asserting the applicable statute of limitations in this matter, but may have a basis, if the defendant's simultaneously filed motion to amend is granted, to challenge this Court's personal jurisdiction over the defendant.

WHEREFORE, the defendant requests this Court to grant his motion to vacate the default and to deny the plaintiff's motion for default judgment.

                                        Respectfully Submitted,

                                        /s/ Gary W. Aber
                                    GARY W. ABER (DSB #754)
                                    First Federal Plaza, Suite 600
                                    702 King Street, P.O. Box 1675
                                    Wilmington, DE  19899
                                    (302) 472-4900
                                    Attorney for Defendant

DATED:  December 23, 2008

## CERTIFICATE OF SERVICE

This certifies that the undersigned served two copies of the attached pleadings by US Mail and Certified Mail return receipt requested to the below-named party, on December 23, 2008:

>Sylver L. Brooks
>500 Delaware Ave
>P.O. Box 1251
>Wilmington, DE 19801

>/s/ Melissa A. Chionchio
>Melissa A. Chionchio
>Secretary to
>Gary W. Aber, Esquire