IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SYLVER L. BROOKS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. 07-758-SLR/MPT |
| | : | Consolidated |
| ERNEST J. CULBREATH and | : | |
| ANNA C. CULBREATH, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Plaintiff, Sylver L. Brooks, initiated two personal injury actions on December 6, 2008: an action against Ernest J. Culbreath ("Ernest"), C.A. No. 07-758, and an action again Anna C. Culbreath ("Anna" and together with Ernest hereinafter referred to as "defendants"), C.A. No. 07-758. On November 20, 2008, plaintiff moved for a default judgment against both defendants. On November 26, 2008, counsel entered his appearance on behalf of defendants. Answers were filed for each defendant on December 4, 2008. On the following day, each defendant moved to vacate the plaintiff's motions for default judgment. Plaintiff filed responses on December 16, 2008 opposing defendants' motions. On January 21, 2009, after having reviewed the record, the court granted defendants' motions to vacate the entry of default in appearance, denied plaintiff's motions for entry of default judgment and consolidated the two actions.[1] Further, the court referred the consolidated matter to Magistrate Judge Thynge for handling through the pretrial conference.

---

[1] As a result, all future filings in the consolidated matter are to occur in C.A. No. 07-758

On December 23, 2008, motions to amend/correct their respective answers were filed by defendants.  No response to those motions have been filed by plaintiff.  This order addresses defendants' motions to amend.

The basis for defendants' motions is that plaintiff failed to properly have defendants served, and as a result of such insufficiency of process or service of process, this court lacks personal jurisdiction over each of the defendants.  Essentially, defendants are moving to add affirmative defenses under Fed. R. Civ. P. 12(b)(4) and (5).

It has long been recognized that motions to amend, particularly those requested at the initial stages of litigation, should be "freely given when justice so requires."[2]  In the absence of undue delay, bad faith or prejudice to the non-moving party, motions to amend the pleadings should be granted.[3]

As noted previously herein, defendants are moving to add an affirmative defense.  There is no evidence or suggestion that the proposed amendment would be futile or prejudicial.  In fact, defendants reference case law in support of their contention that, as a result of inadequate process, this court may lack personal jurisdiction over them.  Therefore,

IT IS ORDERED that defendants' motions to amend (D.I. 16 in 07-758 and 07-759) to add a third affirmative defense are GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72 (a), and D. Del. LR 72.1, any objections to this Order shall be filed within ten (10) days after being served with

---

[2] *Foman v. Davis*, 371 U.S. 178 (1962).

[3] *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

the same.  The parties are directed to the Court's Standing Order in *Pro Se* Matters for Objections Filed under Fed. R. Civ. P. 72 (dated April 7, 2008), a copy of which is found on the Court's website (www.ded.uscourts.gov.)

       The Clerk of the Court is directed to cause a copy of this Order to be mailed to Sylver L. Brooks.


Date:  February 6, 2009                  /s/ Mary Pat Thynge
                                               UNITED STATES MAGISTRATE JUDGE