IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Sylver L. Brooks, | ) |
| Plaintiff, | ) ) ) C.A. No. 07-758-SLR/MPT ) Consolidated ) Trial by Jury Demanded ) ) ) ) |
| v. | |
| Ernest J. Culbreath, and Anna Culbreath, | |
| Defendants | |

## MOTION TO STAY DISCOVERY PENDING DISPOSITIVE MOTIONS

Pursuant to the Scheduling Order of this Court, entered on February 10, 2009, Paragraph No. 5, the Defendants request that this Court stay the discovery cutoff limit set by Paragraph No. 2 of the aforesaid Order, and permit the Defendant to file a Motion for Summary Judgment prior to October 16, 2009, as specified in Paragraph No. 5 of that Order. The basis for this Motion is as follows:

1. On February 10, 2009, this Court entered a Scheduling Order setting a discovery cutoff deadline of September 30, 2009 (¶ 2), and a Dispositive Motion deadline of October 16, 2009 (¶ 5).

2. On May 26, 2009, the Defendant contacted the Court concerning the failure of the Plaintiff to respond to discovery (Ex. No. 1, DK-26).

3. On June 2, 2009, a teleconference was held with the Court which directed the Plaintiff to respond to Defendant's discovery by early July, 2009.

4. On July 1, 2009, the Plaintiff forwarded to the Defendants responses to the discovery (Ex. No. 2) which were received on July 2, 2009.

5. To date, the Plaintiff has not responded to the Defendants' First Request for Production filed in this matter.

6. Defendants' First Set of Interrogatories, Interrogatory No. 9 requested from the Plaintiff:

> "9. For each instance in which you contend that either Defendant committed a wrongful act, please list for such act, the date of the act, the location of the act giving the address of where it took place, and the nature of the act."

In response to that Interrogatory, the Plaintiff identified three (3) addresses as follows: 834 Smith Street, Norristown, PA; 631 E. Basin Street, Norristown, PA; and Lafayette Street, Norristown, PA.

7. The Defendants propose to file a Motion for Summary Judgment, at this stage of the proceedings, asserting that any claims by the Plaintiff are barred by the applicable Statute of Limitations. It is presumed that the Plaintiff filed this action based upon the provisions of 10 Del. C. § 8145, which allows for civil actions arising in the State of Delaware, for alleged claims of sexual abuse against minors for a period of two (2) years following the effective date of that statute, or until July 10, 2009. This appears to be the basis of the claims against the defendants (complaint ¶ 12). However, Delaware conflict of laws rules appear to be clear that unless other factors are more significant, the Delaware Courts will apply the laws of the State where the personal injury or tort occurred. Turner v. Lipschultz, Del. Supr. 619 A.2d 913 (1992)(citing Travelers Indemnity Co. v. Lake, Del. Supr., 594 A. 2d 38 (1991); relying upon Restatement of Conflicts 2nd

(2)

§§145, 146). The laws of the State of Pennsylvania clearly establish that the Statute of Limitations for a tort action based on alleged sexual abuse is two (2) years from the date of the wrongful act. Dalrymple v. Brown, 701 A.2d 164 (Pa. 1997); Lazarski v. Archdiocese of Philadelphia, 926 A.2d 459 (2007). Thus, using Delaware's conflict rules, Pennsylvania limitations rules would appear to bar the claim asserted in the matter.

8. The Defendants in this case are defending this matter with their own personal funds, since there is no applicable insurance to provide them a defense. Even at significantly reduced rates, the cost of defending this action are increasing and reaching a point of creating financial hardship. If this matter can be resolved at this early stage, without engaging in extensive discovery by way of depositions, obtaining complete medical records and history, as well as having the Plaintiff examined by a physician of the Defendants' choosing, there will be a significant financial savings.

9. It is suggested that the Plaintiff will suffer no additional prejudice by having the discovery stayed in this matter pending resolution of this suggested early Motion for Summary Judgment. This is especially true since the Defendants initiated discovery in as early as February of 2009, which discovery was not answered for an additional four plus months. No trial date has been scheduled.

WHEREFORE, the Defendants request this Court to stay the discovery cutoff in this matter and to permit the Defendants to file a Motion for Summary Judgment prior to that provided in the Scheduling Order.

(3)

ABER,BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Defendant

DATED:  August 12, 2009

(3)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Sylver L. Brooks, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 07-758-SLR/MPT |
| | )    Consolidated |
| v. | ) Trial by Jury Demanded |
| | ) |
| Ernest J. Culbreath, and Anna Culbreath, | ) |
| | ) |
| Defendants | ) |

## ORDER

WHEREAS, the Defendants have filed a Motion to Stay Discovery in this matter and to file an early Motion for Summary Judgment; and

WHEREAS, it appears to the Court that the Defendants' proposed Motion for Summary Judgment may have merit, and in interest of judicial economy, and to save the parties additional unnecessary legal expenses, it is

ORDERED that the Defendants may file a Motion for Summary Judgment within ten (10) days of the date of the entry of this Order and all discovery deadlines in this matter are hereby stayed until further Order of this Court.

_____
The Honorable Mary Pat Thynge

DATED:

## CERTIFICATE OF SERVICE

This certifies that the undersigned served two copies of the attached pleadings by US Mail and Certified Mail return receipt requested to the below-named party, on August 12, 2009:

>Sylver L. Brooks
>P.O. Box 1251
>Wilmington, DE 19801

>/s/ Deborah D. Lockerman
>Deborah D. Lockerman
>Secretary to Gary W. Aber, Esquire