LAW OFFICES
# ABER, GOLDLUST, BAKER & OVER
(An association of Law Practices)
704 KING STREET, SUITE 600
PO BOX 1675
WILMINGTON, DELAWARE 19899-1675

GARY W. ABER, P.C.
PERRY F. GOLDLUST, P.A.
DARRELL J. BAKER, P.A.
SUSAN C. OVER
SAGAAR B. SHAH*
LEROY A. TICE**

\* ALSO ADMITTED IN PENNSYLVANIA
\*\*ALSO ADMITTED IN NEW JERSEY

Phone: 302-472-4900
Fax:   302-472-4920
Email: gaber@gablawde.com

December 1, 2009

**VIA PACER AND HAND DELIVERY**
Magistrate Judge Mary Pat Thynge
United States District Court
844 King Street
Wilmington, DE  19801

RE:   Brooks v. Culbreath
      C.A. No.: 07-758 (SLR) Consolidated

Dear Judge Thynge:

Presently pending before the Court is the Defendants' Opening Brief in Support of their Motion for Summary Judgment.

I have just become aware of a more recent decision by the Delaware Supreme Court, Clinton v. Enterprise Rent-A-Car Co., 977 A.2d 892, 895 (Del. 2009).  In that case the Court held:

> "For personal injury actions, the law of the State where the injury occurred is presumed to control unless another state has a more significant relationship." Clinton v. Enterprise Rent-A-Car, supra, at p.895.

I am enclosing with this letter a copy of that case.

Respectfully,

Gary W. Aber

GWA/ddl
cc:   Ms. Sylver L. Brooks
      Mr. and Mrs. Culbreath

Westlaw.

977 A.2d 892  
(Cite as: 977 A.2d 892)

Page 1

C  
Supreme Court of Delaware.  
Richard CLINTON, Individually, and as the Administrator of the Estate of Kelly Clinton, Plaintiff Below, Appellant,  
v.  
ENTERPRISE RENT-A-CAR CO. and Anthony Gene Shamblin, Defendants Below, Appellees.  
No. 208, 2009.

Submitted: July 22, 2009.  
Decided: July 29, 2009.

**Background:** Administrator of motorist's estate brought personal injury and wrongful death action against Maryland rental car agency and driver of stolen rental car. The Superior Court, New Castle County, dismissed complaint against agency on limitations grounds and denied administrator's motion for default judgment against driver. Administrator appealed.

**Holdings:** The Supreme Court, Holland, J., held that:  
(1) Delaware's two-year limitations period governing personal injury and wrongful death actions applied;  
(2) cause of action against agency arose on date of accident, for limitations purposes, not on date that agency left car parked outside lot with keys inside car;  
(3) even if cause of action arose on date agency left car parked outside lot, Delaware two-year limitations period, rather than Maryland's three-year limitations period, applied; and  
(4) denial of motion for default judgment against driver of stolen rental car that collided with motorist's was appropriate.

Affirmed.

West Headnotes

[1] Appeal and Error 30 ⇐893(1)

30 Appeal and Error  
   30XVI Review  
     30XVI(F) Trial De Novo  
       30k892 Trial De Novo  
         30k893 Cases Triable in Appellate Court  
           30k893(1) k. In General. Most Cited Cases  
Supreme Court reviews a decision to grant a motion to dismiss for the failure to state a claim on which relief can be granted de novo to determine whether the trial judge erred as a matter of law in formulating or applying legal precepts. Superior Court Civil Rule 12(b)(6).

[2] Appeal and Error 30 ⇐919

30 Appeal and Error  
   30XVI Review  
     30XVI(G) Presumptions  
       30k915 Pleading  
         30k919 k. Striking Out or Dismissal. Most Cited Cases  
In reviewing the grant or denial of a motion to dismiss for the failure to state a claim on which relief can be granted, the court views the complaint in the light most favorable to the non-moving party, accepting as true its well-pled allegations and drawing all reasonable inferences that logically flow from those allegations; the court will not, however, simply accept conclusory allegations unsupported by specific facts, nor will the court draw unreasonable inferences in the plaintiff's favor. Superior Court Civil Rule 12(b)(6).

[3] Limitation of Actions 241 ⇐2(3)

241 Limitation of Actions  
   241I Statutes of Limitation  
     241I(A) Nature, Validity, and Construction in General  
       241k2 What Law Governs  
         241k2(3) k. In Actions for Tort. Most Cited Cases

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

977 A.2d 892
(Cite as: 977 A.2d 892)

Page 2

Two-year limitations period governing personal injury and wrongful death actions in Delaware, where accident occurred, and not three-year limitations period governing similar actions in Maryland, applied to action brought by administrator of motorist's estate against Maryland rental car agency and driver of stolen rental car. 10 West's Del.C. § 8119; West's Ann.Md.Code, Courts and Judicial Proceedings, § 5-101.

[4] Negligence 272 ⇐204

272 Negligence
   272I In General
      272k204 k. What Law Governs. Most Cited Cases

For personal injury actions, the law of the state where the injury occurred is presumed to control unless another state has a more significant relationship.

[5] Limitation of Actions 241 ⇐2(3)

241 Limitation of Actions
   241I Statutes of Limitation
      241I(A) Nature, Validity, and Construction in General
         241k2 What Law Governs
            241k2(3) k. In Actions for Tort. Most Cited Cases

Cause of action against Maryland rental car agency for motorist's personal injuries and death from accident with driver of stolen rental car arose on date of accident, not on date that agency left car parked outside lot with keys inside car, for purposes of determining whether Delaware's two-year limitations period governing personal injury and wrongful death actions or Maryland's three-year limitations period applied. 10 West's Del.C. §§ 8119, 8121; West's Ann.Md.Code, Courts and Judicial Proceedings, § 5-101.

[6] Limitation of Actions 241 ⇐2(3)

241 Limitation of Actions
   241I Statutes of Limitation
      241I(A) Nature, Validity, and Construction in General
         241k2 What Law Governs
            241k2(3) k. In Actions for Tort. Most Cited Cases

Even if cause of action against Maryland rental car agency for motorist's personal injuries from accident with driver of stolen rental car arose on date that agency left car parked outside lot with keys inside car, rather than date of accident, two-year limitations period governing personal injury and wrongful death suits in Delaware, and not three-year limitations period in Maryland, applied, where motorist was, at all relevant times, resident of Delaware. 10 West's Del.C. §§ 8119, 8121; West's Ann.Md.Code, Courts and Judicial Proceedings, § 5-101.

[7] Appearance 31 ⇐8(4)

31 Appearance
   31k7 Proceedings Constituting Appearance
      31k8 In General
         31k8(4) k. Motions. Most Cited Cases

Judgment 228 ⇐108

228 Judgment
   228IV By Default
      228IV(A) Requisites and Validity
         228k105 Default in Pleading
            228k108 k. Pendency of Motion. Most Cited Cases

Denial of motion for default judgment against driver of stolen rental car that collided with motorist's was appropriate, in action brought by administrator of motorist's estate; driver had filed pro se response to motion in which he raised expiration of two-year limitations period, response was reasonably construed as appearance in suit, and trial court had already determined that Delaware two-year limitations period governing claim against rental car agency arising from same accident barred recovery.

*893 Court Below-Superior Court of the State of

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

977 A.2d 892
(Cite as: 977 A.2d 892)

Page 3

Delaware, in and for New Castle County, C.A. No. 08C-01-296.
Upon appeal from the Superior Court. **AFFIRMED.** Jeffrey K. Bartels, Esquire, Wilmington, DE, and Kenneth W. Richmond, Esquire, Richmond & Hevenor, Philadelphia, PA, for appellant.

James S. Yoder, Esquire, and William L. Doerler, Esquire, White and Williams LLP, Wilmington, DE, for appellee Enterprise Leasing Company of Baltimore.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice:

The plaintiff-appellant, Richard Clinton, appeals from the judgments of the Superior Court dismissing his personal injury action against the defendants-appellees, Enterprise Rent-A-Car Co. ("Enterprise") *894 and Anthony Gene Shamblin, pursuant to Superior Court Civil Rule 12(b)(6).[FN1] Clinton makes three arguments on appeal. First, he contends that the Superior Court erred in applying Delaware's statute of limitations to this action, instead of Maryland's. Second, he contends that the Superior Court erred in finding that Maryland courts would have dismissed his claim under Rule 12(b)(6). Third, he contends that the Superior Court erred in denying his motion for a default judgment against Shamblin and by permitting Shamblin to assert the statute of limitations as an affirmative defense for the first time more than a year after the time for filing a responsive pleading had expired.

FN1. Del.Super. Ct. Civ. R. 12(b)(6).

We have concluded the Superior Court correctly determined that Delaware law applies. Consequently, it is unnecessary to address Clinton's second claim. We also have determined that Clinton's third claim is without merit. Therefore, the judgments of the Superior Court are affirmed.

*Facts and Procedural History*

Enterprise is a Maryland corporation that rents vehicles in Elkton, Maryland.[FN2] On February 15, 2005, Enterprise rented a Dodge Ram pickup truck to a customer of Roger's Custom Body Shop ("Roger's"). When the customer returned the truck to Roger's later that day, Enterprise instructed a Roger's employee to move the truck outside of Roger's fenced-in parking lot so that the truck could be picked up after hours by one of Enterprise's employees. Pursuant to Enterprise's instructions, the Roger's employee left the truck, unlocked and with the keys in the visor, in an adjacent unfenced parking lot. The truck was subsequently stolen. On February 21, 2005, Enterprise reported the truck missing to the Elkton Police Department.

> FN2. The defendant-appellee asserts that it is improperly named in the complaint as Enterprise Rent-A-Car; its correct name is "Enterprise Leasing Company of Baltimore."

On March 2, 2005, defendant Anthony Gene Shamblin was driving the stolen Dodge Ram pickup truck along Route 72 in Delaware. Shamblin turned into the right-of-way of an oncoming car driven by Kelly Clinton ("Clinton"), and their vehicles collided. On March 4, 2005, Clinton died as a result of the injuries she received in the crash.

*Complaint Dismissed*

On January 29, 2008, Richard Clinton, as administrator of Kelly Clinton's estate, filed a complaint against Enterprise and Shamblin in the Superior Court of Delaware, alleging Enterprise's responsibility for Kelly Clinton's personal injuries and wrongful death.[FN3] The Superior Court engaged in a conflict of laws analysis, determining that Clinton's cause of action arose from the accident in Delaware on March 2, 2005, and not from Enterprise's alleged negligence in leaving the keys in the unattended pickup truck in Maryland on February

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

15, 2005.[FN4] This distinction was dispositive, because Delaware has a two-year statute of limitations for both personal injury and wrongful death actions, whereas Maryland's statute of limitations for the same causes of action is three years.[FN5] As *895 Clinton's estate did not file its complaint in Delaware until January 29, 2008, the Superior Court found that Clinton's claim was barred by Delaware's statute of limitations and dismissed Clinton's claim against Enterprise pursuant to Superior Court Civil Rule 12(b)(6).

> FN3. Complaint, *Clinton v. Enterprise Rent-A-Car Co.,* C.A. No. 08C-01-296 (Del.Super.Ct. Jan. 29, 2008).
>
> FN4. *Clinton v. Enterprise Rent-A-Car Co.,* No. 08C-01-296, at 3 (Del.Super.Ct. Aug. 7, 2008) (concluding that the "cause of action ... did not accrue under Delaware law until March 2, 2005") (citing *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.,* 494 F.Supp. 1139, 1157 (D.Del.1980)).
>
> FN5. *Compare* Del.Code Ann. tit. 10, § 8107 (wrongful death), *and* Del.Code Ann. tit. 10 § 8119 (personal injury), *with* Md.Code. Ann., Courts & Judicial Proceedings § 5-101.

### Standard of Review

[1][2] We review a decision to grant a motion to dismiss under Rule 12(b)(6) *de novo* to "determine whether the trial judge erred as a matter of law in formulating or applying legal precepts."[FN6] Dismissal is appropriate only if it appears "with reasonable certainty that, under any set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief."[FN7] In reviewing the grant or denial of a motion to dismiss, we view the complaint in the light most favorable to the non-moving party, accepting as true its well-pled allegations and drawing all reasonable inferences that logically flow from those allegations.[FN8] We do not, however, simply accept conclusory allegations unsupported by specific facts, nor do we draw unreasonable inferences in the plaintiff's favor.[FN9]

> FN6. *Feldman v. Cutaia,* 951 A.2d 727, 730-31 (Del.2008) (quoting *Dunlap v. State Farm Fire & Cas. Co.,* 878 A.2d 434, 438 (Del.2005)).
>
> FN7. *Feldman v. Cutaia,* 951 A.2d at 731 (quoting *VLIW Tech., LLC v. Hewlett-Packard Co.,* 840 A.2d 606, 610-11 (Del.2003); *McMullin v. Beran,* 765 A.2d 910, 916 (Del.2000)).
>
> FN8. *Id.*
>
> FN9. *Id.* (citing *White v. Panic,* 783 A.2d 543, 549 (Del.2001)); *In re General Motors (Hughes) S'holder Litig.,* 897 A.2d 162, 168 (Del.2006).

### *Delaware Law Controls*

[3] Clinton argues that the Superior Court erred in applying the "most significant relationship test" to determine whether Maryland or Delaware law applies in this action; rather than applying Delaware's borrowing statute, which appears in title 10, section 8121 of the Delaware Code.[FN10] In *Travelers Indemnity Co. v. Lake,* this Court abolished the "automatic *lex loci delicti* choice of law standard."[FN11] In its place, we adopted section 145 of the Restatement (Second) of Conflicts as the basis for determining which state has the most significant relationship to the occurrence and the parties.[FN12]

> FN10. Del.Code Ann. tit. 10, § 8121.
>
> FN11. *Travelers Indem. Co. v. Lake,* 594 A.2d 38, 46 (Del.1991).
>
> FN12. *Travelers Indem. Co. v. Lake,* 594 A.2d at 47 (citing Restatement (Second) of

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Conflicts § 145 (1971)).

[4] We hold that the Superior Court properly applied that analysis to the facts of this case.[FN13] For personal injury actions, the law of the state where the injury occurred is presumed to control unless another state has a more significant relationship.[FN14] In Clinton's case, the Superior Court correctly determined that the presumption had not been rebutted. Therefore, the Superior Court properly concluded that Delaware's statute of limitations *896 and substantive law applied to Clinton's action.

> FN13. Although the Superior Court mistakenly referred to Enterprise as a Delaware corporation rather than a Maryland corporation, that fact would not change the outcome of the court's analysis.
>
> FN14. *Turner v. Lipschultz*, 619 A.2d 912, 914-15 (Del.1992) (citing *Travelers Indem. Co. v. Lake*, 594 A.2d at 47); see *Thornton v. Boswell*, 1995 WL 656807, at *2 (Del.Super.Ct. Nov.6, 1995). Sections 145(1) and (6) of the Restatement (Second) of Conflicts identify the relevant factors to consider when analyzing a choice of law question. *See* Restatement (Second) of Conflicts § 145(1), (6) (1971); *Turner v. Lipschultz*, 619 A.2d at 914-15; *Thornton v. Boswell*, 1995 WL 656807, at *2.

[5] Notwithstanding our holding, we will address Clinton's alternative argument. Clinton claims that if the Superior Court had applied title 10, section 8121 of the Delaware Code to the facts of this case, the court would have concluded that Maryland's three-year statute of limitations controlled. That argument is without merit. Section 8121 provides:

Where a cause of action arises outside of this State, an action cannot be brought in a court of this State to enforce such cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action. Where the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply.[FN15]

> FN15. Del.Code Ann. tit. 10, § 8121.

Clinton argues that section 8121 applies because the cause of action arose in Maryland, not in Delaware. To the contrary, although Enterprise requested that the keys be left in the vehicle in Maryland on February 15, 2005, Clinton's cause of action did not accrue under Delaware law until March 2, 2005, when her injury occurred.[FN16] As Clinton concedes,[FN17] prior to that date, there was no cause of action. Thus, Clinton's injury arose in Delaware. Because Clinton's cause of action arose in Delaware, title 10, section 8121 of the Delaware Code does not apply.

> FN16. *Clinton v. Enterprise Rent-A-Car Co.*, C.A. No. 08C-01-296, at 3 (Del.Super.Ct. Aug. 7, 2008) (citing *Rose Hall Ltd. v. Chase Manhattan Overseas Banking Corp.*, 494 F.Supp. 1139, 1157 (D.Del.1980)); see *Kaufman v. C.L. McCabe & Sons, Inc.*, 603 A.2d 831, 834 (Del.1992) ( "A cause of action in tort accrues at the time of injury."); *Annone v. Kawasaki Motor Corp.*, 316 A.2d 209 (Del.1974) ("The cause of action arose on May 19, 1970 when plaintiff allegedly sustained personal injuries in a fall from a malfunctioning motorcycle which had been manufactured by defendant Kawasaki ... and purchased by plaintiff from Delaware Cycle Center.").
>
> FN17. Brief of Plaintiff-Below/Appellant at 13, *Clinton v. Enterprise Rent-A-Car Co.*, No. 208, 2009 (Del. May 22, 2009) (stating that "the Superior Court's conclusion that because the 'personal injury ac-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

977 A.2d 892
(Cite as: 977 A.2d 892)

Page 6

tion could not have been initiated until March 2, 2005, the place where the injury occurred cannot have been the place where Enterprise's alleged negligence occurred, i.e., Maryland' is almost certainly true").

[6] Even if Clinton's cause of action against Enterprise arose in Maryland, section 8121 still would not require the application of Maryland law. It is undisputed that at both the time the key was left in the truck and the time the accident occurred, Clinton was a Delaware resident. Section 8121 unambiguously states that "[w]here the cause of action originally accrued in favor of a person who at the time of such accrual was a resident of this State, the time limited by the law of this State shall apply." [FN18] Therefore, even if the cause of action arose in Maryland, section 8121 would dictate that Delaware's statutes of limitations applies.

FN18. Del.Code Ann. tit. 10, § 8121.

Applying Delaware's statute of limitations, we hold that Clinton's claims are barred. Delaware has a two-year statute of limitations for both personal injury and wrongful death actions.[FN19] Clinton's cause of action arose on March 2, 2005, but her estate did not file its complaint until January 29, 2008. Thus, as a matter of Delaware law, Clinton's claims are untimely.

FN19. *See* Del.Code Ann. tit. 10, §§ 8119 (personal injury), 8107 (wrongful death).

*897 *Default Judgment Denied*

[7] The individual defendant-appellee, Anthony Gene Shamblin, has not participated in this appeal. Clinton argues that the Superior Court erred in denying its motion for a default judgment against Shamblin and in granting Shamblin's *pro se* motion to dismiss. After the Superior Court granted Enterprise's motion to dismiss, Clinton filed a motion for a default judgment against Shamblin. In response to that motion, Shamblin filed a *pro se* response that included seven paragraphs. In the first paragraph of his *pro se* response, Shamblin asserted "that the statute of limitations had expired on this case since the accident occurred on March 2, 2005, as it did with Enterprise Rent-A-Car co-defendant in this case."

The Superior Court had the discretionary authority to accept Shamblin's *pro se* response as an appearance that precluded the entry of a default judgment. [FN20] The Superior Court also had the authority to deem the *pro se* reference to Enterprise and its prior ruling on the statute of limitations as adopting the successful arguments that had been made by Enterprise. In fact, the final paragraph of Shamblin's *pro se* response stated "Per Statute of limitations I am requesting this Civil Action be dismissed without further cause."

FN20. *Delaware Sand & Gravel Co. v. Bryson*, 414 A.2d 207, 207-08 (Del.1980).

Clinton's motion for a default judgment was filed after the Superior Court held that the cause of action against Enterprise was barred by the Delaware statute of limitations. The final paragraph in Shamblin's *pro se* response was a motion to dismiss based upon the Superior Court's decision in favor of Enterprise. The Superior Court acted properly by declining to enter a default judgment against Shamblin in the same untimely cause of action that had been dismissed as to Enterprise and, instead, by also dismissing the action against Shamblin.

*Conclusion*

The judgments of the Superior Court are affirmed.

Del.Supr.,2009.
Clinton v. Enterprise Rent-A-Car Co.
977 A.2d 892

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.