**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SYLVER L. BROOKS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. 07-758-SLR/MPT |
| | : | (Consolidated) |
| ERNEST J. CULBREATH and | : | |
| ANNA C. CULBREATH | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

This is a personal injury action.  The matter arises out of complaints filed by

Sylver L. Brooks ("plaintiff") against Ernest J. Culbreath ("Ernest") and Anna Culbreath

("Anna") (collectively "defendants").  Plaintiff seeks recovery for permanent disabilities

and mental and psychological damage stemming from alleged sexual child abuse.

Defendants move for summary judgment.

**Procedural Posture**

This action was initiated on November 26, 2007, via *pro se* complaints against

defendants.[1]  On November 20, 2008, plaintiff moved for default judgment against each

defendant for failure to respond to the complaints.  On November 26, 2008, counsel

entered his appearance on behalf of defendants.  Answers were filed for each

defendant on December 4, 2008, which denied plaintiff's allegations and raised two

affirmative defenses: (1) "plaintiff fails to state a cause of action upon which this Court

can grant relief" and (2) "plaintiff's claim is barred by the applicable statute of limitations

---

[1] Jurisdiction is proper on diversity grounds pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states.

under Delaware Conflict of Law Rules."

On the following day, each defendant moved to vacate the plaintiff's motions for default judgment.  Plaintiff filed responses on December 16, 2008, opposing defendants' motions.  On January 21, 2009, the court granted defendants' motions to vacate the entry of default, denied plaintiff's motions for default judgment and consolidated the two actions.

On December 23, 2008, defendants filed motions to amend their respective answers, which were granted on February 6, 2009.  The amended answers added a third affirmative defense based on Fed. R. Civ. P. 12(b)(4) &(5), insufficiency of process and/or insufficiency of service of process.  Plaintiff filed a "response" to the February 6, 2009 order on February 17, 2009.  Rather than addressing the February order, plaintiff's response was directed to the January 21, 2009 order in which she argued the vacancy of defendants' default and the denial of her motions for default judgment.  On March 10, 2009, the court noted plaintiff's response and denied the request to reargue the January 21, 2009 motion as untimely.

In response to a defense motion and over plaintiff's objection, the court stayed discovery pending dispositive motions on September 2, 2009.  Defendants filed their present motion for summary judgment pursuant to Fed. R. Civ. P. 56 on September 30, 2009.[2]  Defense counsel supplemented defendants' brief with recent case law via letter on December 1, 2009.  On December 7, 2009, plaintiff filed her answering document in opposition to defendants' motion.  Defendants' motion for summary judgment is

---

[2] Defense counsel, citing *Whitwell v. Archmere Academy, Inc.*, 463 F. Supp. 482 (D. Del. 2006), notes that the arguments presented in his brief regarding summary judgment are also relevant to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), but provides no further discussion on the topic.

presently under consideration.

**Statement of Facts**[3]

Plaintiff is the daughter of defendants and currently resides in Delaware.

Defendants reside in Pennsylvania.  According to the affidavit of Ernest, plaintiff was

born on March 13, 1952.[4]  The allegations of the complaint include claims that

defendants sexually abused plaintiff during an unspecified period of her life when she

was "very young".  All tortious acts occurred in Pennsylvania, either at home or at

religious meetings. The abuse averred included forced oral sex performed by plaintiff on

defendants and manual penetration of plaintiff by defendants.  Physical beatings with an

electric cord also are alleged to have occurred, which escalated in severity when

plaintiff resisted defendants' sexual advances.

Plaintiff seeks $150,000 in damages for permanent disabilities and mental and

psychological damage.

**Standard of Care**

*Summary Judgment*

Summary Judgment is appropriate "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any

material fact and that the movant is entitled to judgment as a matter of law."[5]  Once

there has been adequate time for discovery, Rule 56(c) mandates judgment against the

party who "fails to make a sufficient showing to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at

---

[3] All facts referenced herein are found in the complaint and the parties' motions and briefs.
[4] Plaintiff has not provided her date of birth nor has she contested the one provided by Ernest.
[5] Fed. R. Civ. P. 56(c)(2).

trial."[6]  When a party fails to make such a showing, "there can be no 'genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[7]  The moving party is therefore entitled to judgment as a matter of law because "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[8]  A dispute of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

The moving party bears the initial burden of identifying portions of the record which demonstrate the absence of a genuine issue of material fact.[10]  However, a party may move for summary judgment with or without supporting affidavits.[11]  Therefore, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence supporting the nonmoving party's case."[12]

If the moving party has demonstrated an absence of material fact, the nonmoving party must then "set out specific facts showing a genuine issue for trial."[13]  If the nonmoving party bears the burden of proof at trial, he "must go beyond the pleadings in order to survive a motion for summary judgment."[14]  That party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing

---

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[7] *Id.* at 323.
[8] *Id.*
[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[10] *Celotex*, 477 U.S. at 323.
[11] *Id.*
[12] *Id.* at 325.
[13] Fed. R. Civ. P. 56(e)(2).
[14] *Yeager's Fuel v. Pennsylvania Power & Light Co.*, 22 F.3d 1260, 1273 (3d Cir. 1994).

that there is a genuine issue for trial."[15]  At the summary judgment stage, the court is not

to "weigh the evidence and determine the truth of the matter, but to determine whether

there is a genuine issue for trial."[16]  Further, "there is no issue for trial unless there is

sufficient evidence favoring the nonmoving party for a jury to return a verdict for that

party."[17]  The threshold inquiry therefore is "determining whether there is a need for trial

– whether, in other words, there are any genuine factual issues that properly can be

resolved only by a finder of fact because they may reasonably be resolved in favor of

either party."[18]

### Pro Se Litigant

Because plaintiff proceeds *pro se*, her pleading is liberally construed and her

complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers."[19]

## Discussion

### Statutes of Limitations for Child Sexual Abuse

Defendants assert that plaintiff's complaint is time-barred under Pennsylvania's

statute of limitations.  Pennsylvania's general tort statute of limitations requires an

"action to recover damages for injuries to the person . . . caused by the wrongful act or

neglect or unlawful violence or negligence of another" be commenced within two

---

[15] *Anderson*, 477 U.S. at 248.
[16] *Id.* at 249.
[17] *Id.*
[18] *Id.* at 250.
[19] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

years.[20]   Delaware's statute of limitations permits "victims of child sexual abuse that

occurred in this State who have been barred from filing suit against their abusers by

virtue of the expiration of the former civil statute of limitations[21] . . . to file those claims in

the Superior Court of this State" within two years following July 9, 2007.[22]   Liberally

reading plaintiff's complaint and accepting all material allegations as true, plaintiff's suit,

filed November 26, 2007, is barred under Pennsylvania law, but may be permissible

under Delaware's statute.[23]   Therefore, the applicable state's statute of limitations must

be determined.

### *Conflict of Laws*

"The conflict of laws rules to be applied by the federal court in Delaware must

conform to those prevailing in Delaware's state courts."[24]   In *Travelers Indemnity Co. v.*

*Lake*, the Delaware Supreme Court adopted the conflict of laws analysis from the

RESTATEMENT (SECOND) OF CONFLICTS OF LAW.[25]   According to § 145 of the

---

[20] 42 Pa. C.S. § 5524(2); see *Meehan v. Archdiocese of Phila.*, 870 A.2d 912, 919 (Pa. Super. 2005) (applying § 5524 to sexual child abuse action).  Pennsylvania's Code also includes 42 Pa. C.S. § 5533, a tolling provision regarding minors, but it does not apply here.  Section 5533 provides, "[i]f an individual entitled to bring a civil action arising from childhood sexual abuse is under 18 years of age at the time the cause of action arises, the individual shall have a period of 12 years after attaining 18 years of age in which to commence an action for damages . . . ."  The provision is inapplicable for two reasons.  First, the Pennsylvania Code was amended in 1984.  Plaintiff turned 18 in 1970, and the tolling provision is not to be applied retroactively.  *See Redenz by Redenz v. Rosenberg*, 520 A.2d 883, 885 (Pa. Super. 1987).  Second, even if applied retroactively, plaintiff became 30 years old, the deadline § 5533 stipulates, over 27 years ago in 1982, which time-bars plaintiff's claim.
[21] Delaware's general statute of limitations for tort actions, 10 Del. C. § 8107, imposes a 2-year period to bring suit "from the accru[al] of the cause of such action."
[22] 10 Del. C. § 8145(b).
[23] Delaware's statute of limitations for child sexual abuse requires that the abuse "occurred in this State".  *See* 10 Del. C. § 8145(b).  Plaintiff's pleadings never assert that she was abused while in Delaware.  Therefore, plaintiff's suit may be barred even if Delaware law applies.
[24] *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *see also Nat'l Iranian Oil Co. v. Mapco Int'l, Inc.*, 983 F.2d 485, 493-94 (3d Cir. 1992) (holding that Delaware District Court must apply Delaware choice of laws rules in diversity jurisdiction matter).
[25] *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991) (citing RESTATEMENT (SECOND) OF CONFLICTS OF LAW §145 (1971)).

Restatement, "[t]he rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6."[26]  Section 6 lists the following seven factors relevant to the choice of law:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of results, and
> (g) ease in the determination and application of the law to be applied.[27]

When applying § 6, a court should consider the following contacts and weigh them by their relevance with respect to the issue at hand: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."[28]  Further, Delaware's Supreme Court has determined that in "personal injury actions, the law of the state where the injury occurred is *presumed to control* unless another state has a more significant relationship."[29]

Determining whether a more significant relationship exists is aided by a review of

---

[26] RESTATEMENT (SECOND) OF CONFLICT OF LAW § 145(1) (1971).
[27] *Id.* at § 6(2).
[28] *Id.* at § 145(2).
[29] *Clinton v. Enterprise Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009) (emphasis added); *see also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 146 (1971) ("In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.").

Delaware case law.  In *Clinton v. Enterprise Rent-A-Car Co.*, the issue was whether Delaware's two-year statute of limitations or Maryland's three-year statue of limitations applied to a personal injury and wrongful death action.[30]  The Delaware Supreme Court applied the statute of limitations of Delaware, the state where the injury occurred, and dismissed the case.[31]  Ultimately, Enterprise's incorporation and alleged negligence in Maryland did not establish a more significant relationship.[32]

Similarly, in *Turner v. Lipschultz*, the Delaware Supreme Court decided whether Delaware's law permitting evidence of special damages or New Jersey's law disallowing such evidence applied to a personal injury action.[33]  The law of Delaware, the state where the conduct and injury occurred, was found to apply and the Court upheld plaintiff's special damages evidence.[34]  New Jersey's connection to the case, the plaintiff's domicile and state of insurance for the car in which plaintiff was a passenger were insufficient to establish a more significant relationship.[35]

Instantly, Pennsylvania's statute of limitations applies.  Plaintiff's current domicile is her only alleged connection to Delaware; all claimed instances of abuse and resulting injuries occurred in Pennsylvania.  In *Clinton* and *Turner*, alleged out-of-state negligence and out-of-state car insurance, respectively, in addition to out-of-state incorporation and domicile, respectively, were insufficient to establish a more significant relationship than the state where the conduct and injury occurred.  Here, plaintiff does

---

[30] *Id.* at 894-95.
[31] *Id.* at 895-96.
[32] *Id.* at 894.
[33] *Turner v. Lipschultz*, 619 A.2d 912, 913 (Del. 1992).
[34] *Id.* at 915-16.
[35] *Id.* at 914-16.

not aver any comparable facts, especially ones carrying more weight, which would establish a more significant connection than Pennsylvania.

Furthermore, applying the four contacts in § 145 of the Restatement, Pennsylvania's law governs.  First, all claimed injuries occurred in Pennsylvania.  Second, all alleged conduct causing the injuries occurred in Pennsylvania.  Third, both defendants live in Pennsylvania, while only plaintiff is domiciled in Delaware.  Finally, no party claims a current relationship exists.  Even liberally construed, plaintiff's allegations fail to establish a more significant relationship than that with Pennsylvania, therefore: Pennsylvania's statute of limitations applies.

### Pennsylvania's Statute of Limitations

Pennsylvania has a two-year statute of limitations for personal injury actions.[36]  The Pennsylvania Supreme Court maintains that "the statue of limitations begins to run as soon as a right to institute and maintain suit arises."[37]  The right to sue "to recover damages for personal injuries, . . . arises when the injury is inflicted."[38]  "Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute."[39]  After "a cause of action has accrued and the prescribed statutory period has run an injured party is barred from bringing his cause of action."[40]

Here, plaintiff asserts that she was "very young" during the periods of abuse, but gives no specific dates.  Liberally interpreting the complaint, and in accordance with concessions by defense counsel, this court will assume that the alleged abuse could

---

[36] *See* 42 Pa. C.S. § 5524(2).
[37] *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000).
[38] *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005).
[39] *Id.*
[40] *Id.*

have occurred until plaintiff's twenty-first birthday.   Plaintiff's uncontested date of birth is March 13, 1952, consequently, she turned twenty-one on March 13, 1973.   Accordingly, plaintiff's statute of limitations for sexual child abuse ended on March 13, 1975.   Thus, plaintiff's filing of the current action on November 26, 2007, was more than 32 years thereafter.   Applying Pennsylvania's statue of limitations, plaintiff's claims should be barred and defendants' motion for summary judgment should be granted.

## ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, I recommend that:

(1) Defendants' motion for summary judgment (D.I. 34) be GRANTED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.Del.LR 72.1.   The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.   Fed. R. Civ. P. 72(b).   The objections and response to the objections are limited to ten (10) pages each.

The parties are directed to the Court's standing Order in *Pro Se* matters for Objections Filed under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.


Dated: January 28, 2010             /s/ Mary Pat Thynge_____
                                    UNITED STATES MAGISTRATE JUDGE