IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



| | |
|---|---|
| SYLVER L. BROOKS,<br><br>  Plaintiff,<br><br>v.<br><br>ERNEST J. CULBREATH and<br>ANNA C. CULBREATH,<br><br>  Defendants. | )<br>)<br>)<br>)<br>) Civ. No. 07-758-SLR/MPT<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

  At Wilmington this 27th day of April, 2010, having considered the objections[1] to the Report and Recommendation issued by Magistrate Judge Mary Pat Thynge on January 28, 2010 regarding defendants' motion for summary judgment, as well as the papers submitted in connection therewith;

  IT IS ORDERED that the objections are overruled and the Report and Recommendation is accepted and adopted for the reasons that follow:

  1. When reviewing the decision of a magistrate judge on a dispositive matter, the court conducts a de novo review. 28 U.S.C. 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion for summary judgment is considered a dispositive matter and, therefore, the findings and conclusions of the magistrate judge in connection with such a motion is reviewed de novo. *Id.* The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

  2. Having reviewed the Report and Recommendation of Magistrate Judge Thynge, de novo, with respect to the objections lodged, the court concludes that

---

[1] Although captioned by pro se plaintiff as "Response to Report and Recommendation," the court has construed this filing as her objections to Magistrate Judge Thynge's decision.

Magistrate Judge Thynge decided correctly that Pennsylvania's statue of limitations applies because all of plaintiff's claimed instances of abuse and resulting injuries occurred in Pennsylvania and plaintiff's only connection to Delaware is her current domicile.  Utilizing the two-year statute of limitations, Magistrate Judge Thynge correctly found that plaintiff's statue of limitations for sexual child abuse expired on March 13, 1975; accordingly, plaintiff's filing of the action at bar on November 26, 2007 (32 years later) is time barred.

    3.  Although plaintiff asserts that a travesty of justice will result to all victims of sexual abuse if the case is dismissed, she has not presented any contrary legal authority or factual challenge to cause the court to disrupt Magistrate Judge Thynge's reasoning and determinations.  (D.I. 40)

    4.  The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

                                                     *[signature]*
                                                United States District Judge